UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COOPER CARRY, INC.,

        Plaintiff,

        v.

OUTSIDE THE BIG BOX LLC,
UPTOWN CENTER DEVELOPMENT LLC,
and AARON LICHTMAN,

        Defendants.

Case No. C08-5630 RBL

ORDER DENYING MOTION TO
DISMISS FOR LACK OF
JURISDICTION AND FORUM NON
CONVENIENS

        THIS MATTER comes before the Court on Defendants' Motion to Dismiss for Lack of
Jurisdiction and Forum Non Conveniens [Dkt. #12]. The Court has reviewed the materials submitted in
support of, and in opposition to, the motion. Oral argument is not necessary for the Court to resolve the
issues presented. For the following reasons, Defendants' motion is DENIED.

## FACTUAL BACKGROUND

        The allegations of Plaintiff are taken as true for the purposes of this order:

        Defendant UPTown Center Development LLC (UPTown) was hired by the City of University
Place (City) to develop a $250 million Town Center. Defendant Outside the Big Box LLC (OTBB)
worked on the project as a developer in conjunction with UPTown. Aaron Lichtman is the owner of
UPTown and OTBB. Defendants paid the City approximately $569,000 for the exclusive right to
negotiate a Disposition and Development Agreement (DDA) with the City. The DDA bound Defendants

to resolve disputes with the City in Pierce County, Washington. Defendants also kept registered agents in Tacoma, Washington.

In late 2006, Plaintiff Cooper Carry entered into a Base Contract with Defendants UPTown and OTBB. Under that contract, Plaintiff agreed to perform "master plan concept design services" for the Town Center. The Base Contract did not include schematic design services. In furtherance of the Base Contract, Plaintiff's representatives attended meetings in Washington with City representatives and Defendants. In fact, Defendant Lichtman had an apartment in Washington for purposes of working on the Town Center. Plaintiff performed the work called for and Defendants paid for the work in-full.

In July 2007, Defendants and Plaintiff negotiated a second phase (Phase II) of work under which Plaintiff provided schematic design and construction document services. Compensation for these additional services was not subject to any condition precedent other than performance of the work by Plaintiff. Defendants verbally requested that Plaintiff provide services for the Town Center in Phase II and Plaintiff subsequently provided those services.

In January 2008, the City and Defendants executed a Termination Agreement. The City paid Defendants $1.75 million and the City received ownership of all Defendants' work plans, specifications and intellectual property related to the Town Center. This included work product contributed by entities contracting with Defendants. The Termination Agreement designated Pierce County, Washington as the appropriate venue for disputes.

## DISCUSSION

### A. Personal Jurisdiction

The test for personal jurisdiction is two-fold: Washington's long-arm statute must confer personal jurisdiction over each Defendant and the exercise of that jurisdiction must comport with due process. *Rio Props., Inc., v. Rio Int'l Interlink*, 284 F.3d 1008, 1019 (9th Cir. 2002). Because Washington's long-arm statute "authorizes courts to exercise jurisdiction over nonresident defendants to the extent permitted by the due process clause of the United States Constitution," the sole issue here is determining the limits imposed by the due process clause. *MBM Fisheries, Inc. v. Bolinger Mach. Shop and Shipyard, Inc.*, 60 Wn. App. 414, 423 (1991).

### 1. General Jurisdiction

General jurisdiction applies when a Defendant's activities in a state are "substantial" or "continuous and systematic," even if the cause of action is unrelated to those activities. *Data Disc v. Systems Tech. Assoc.,* 557 F.2d 1280, 1287 (9th Cir. 1977). Defendants were engaged in a continuous, but solitary, activity in Washington. Even Defendants' one project, the Town Center, was terminated before it was completed. Further, Defendants had no offices or residence in Washington save the personal residence of Lichtman, and do not pay taxes in Washington. They registered with the Secretary of State, but that is not sufficient to justify the exercise of general jurisdiction. *Washington Equipment Mfg. v. Concrete Placing Co., Inc.*, 85 Wn. App. 240, 245 (1997). The burden for the Plaintiff is so high that "[t]he Supreme Court has upheld general jurisdiction only once, in a case involving wide-ranging contacts, and the Ninth Circuit regularly has declined to find jurisdiction even in the presence of extensive contacts." *Amoco Egypt Oil Co. v. Leonis Navigation Co.,* 1 F.3d 848, 851 n.3 (9th Cir. 1993) (*citing Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)). Plaintiff has failed to allege facts that meet this imposing burden.

### 2. Specific Jurisdiction

Specific personal jurisdiction is determined by a three-part test: (1) the non-resident defendant purposefully directed his activities or consummated some transaction with the forum or a resident thereof, or performed some act by which he purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking benefits and protections of its laws; (2) the claim is one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Panavision Int'l, LP v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998); *Vernon Johnson Family Ltd. P'ship v. Bank One Texas, N.A.*, 80 F. Supp. 2d 1127, 1133 (W.D. Wa. 2000).

A party "purposefully avails" itself of the privilege of conducting activities in a forum state if it directs its activities at the residents of the forum state such that "defendants 'purposefully derive benefit' from their interstate activities." *Burger King Corp. v. Rudzeqicz*, 471 U.S. 462, 474-75 (1985). Here, Defendants took "deliberate action within the forum state" and "created continuing obligations to forum residents." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Defendants paid a $569,000 fee for exclusive negotiation rights, applied to do business in Washington and kept registered agents in Tacoma, Washington. Defendants also signed a contract with the City that designated Pierce County, Washington

as the appropriate forum for dispute resolution. On these facts, it is clear that Defendants availed themselves of the benefits of doing business in Washington.

The Ninth Circuit and Washington use a "but for" test to determine whether a claim is "related to" or "arises out" of a defendant's forum-related activities. *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051-52 (9th Cir. 1997); *Byron Nelson Co. v. Orchard Mgmt Corp.*, 95 Wash. App. 462, 468 (1999). The test hinges on whether Plaintiff would not have a cause of action but for Defendants' contacts with the forum. Defendants solicited Plaintiff for work related to the Town Center, made representations about their relationship with the City and executed a Termination Agreement in Washington that mentioned Plaintiff by name. Defendants contend that the cause of action in this case actually arises from a separate and distinct set of negotiations. For the purposes of this order, the Court will not evaluate the merits of that contention. The cause of action arises directly from and is directly related to Defendants' forum-related activities.

The Ninth Circuit weighs seven factors to determine whether the exercise of personal jurisdiction is reasonable: (1) the extent of defendant's purposeful contacts with the forum state; (2) the burden on the defendant of litigating in the forum state; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Ziegler v. Indian River County*, 64 F.3d 470, 475 (9th Cir. 1995). Defendants solicited a significant contact in Washington and they are capable of litigating in Washington as evidenced by their frequent presence in the forum. There is no alleged conflict with the sovereignty of Defendants' state. Furthermore, many witnesses that will be called at trial are located in Washington. This fact not only gives Washington an interest in adjudicating the matter, it also makes Washington an efficient and convenient location for adjudication. Although New York is an appropriate alternative forum, no one factor is dispositive. On balance, these factors weigh in favor of Plaintiff. The Court has specific personal jurisdiction over Defendants.

**B.      Improper Venue**

Defendants correctly assert that venue is improper under 28 U.S.C. §1391(a) because no Defendant resides in Washington. Under 28 U.S.C. §1391(c), however, a defendant corporation is "deemed to reside

1  in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

2  Defendants rely on the phrase "at the time this action was commenced" and assert that they had no

3  presence whatsoever in Washington at the time this suit was filed.  *Id.*  Even if Defendants did not have a

4  presence in Washington  when this action was commenced, they were still subject to personal jurisdiction

5  at that time.  For purposes of establishing personal jurisdiction in the Ninth Circuit, the determinative

6  moment is when the claim arose, not when the suit was filed.  *See Farmers Ins. Exch. v. Portage La*

7  *Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990).  The Court has already established specific

8  personal jurisdiction over Defendants; therefore, venue is proper.

9  **C.      Forum Non Conveniens**

10        *Forum non conveniens* does not apply to this case because it permits dismissal, not transfer, and

11  has been replaced by 28 U.S.C. §1404(a) where the proposed alternative forum is another District Court.

12  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253-54 (1981).  Dismissal for *forum non conveniens* is

13  only appropriate when the choice is between a forum in the United States and one in a foreign country.

14  *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996) (quoting Am. Dredging Co. v. Miller, 510

15  U.S. 443, 449 n.2 (1994)); *Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir. 1983); *Paper Operations*

16  *Consultants Int'l, Ltd. v. SS Hong Kong Amber*, 513 F.2d 667, 670 (9th Cir. 1975).

17  **D.      Venue Transfer**

18        This Court has discretion to transfer this case to "any other district or division where it might have

19  been brought."  28 U.S.C.  §1404(a).  This discretion is to be executed "according to an individualized,

20  case-by-case consideration of convenience and fairness" that evaluates factors including "(1) the location

21  where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the

22  governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5)

23  the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of

24  litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling

25  non-party witnesses, and (8) the ease of access to sources of proof."  *Jones v. GNC Franchising, Inc.*, 211

26  F.3d 495, 498-99 (9th Cir. 2000).  These factors are substantially similar to those used to evaluate

27  reasonableness in specific jurisdiction analysis. For the same reasons, the Court denies Defendants' request

28  to transfer venue to New York.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Jurisdiction and Forum Non Conveniens [Dkt. #12] is DENIED.

Dated this 14th day of January, 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE